IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| TOMMY RAMOS, | ) |
| | ) NO. MO-17-CV-83 |
| Plaintiff, | ) |
| | ) COMPLAINT FOR |
| v. | ) DECLARATORY RELIEF, |
| | ) INJUNCTIVE RELIEF, AND |
| MIDLAND COLLEGE, | ) DAMAGES FOR VIOLATIONS |
| | ) OF TITLE IX |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Tommy Ramos ("Ramos"), Plaintiff, complains of Defendant Midland College, as follows:

**I.  INTRODUCTION**

1.  This Complaint is filed pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et. seq*. ("Title IX"), and the regulations and policies promulgated thereunder, s*ee* 34 C.F.R. § 106 *et. seq*.  Title IX prohibits discrimination on the basis of sex in federally funded education programs and activities, including athletics.

2.  Ramos is the long-time softball coach at Midland College.  For years, he has guided and supported hundreds of young women pursuing their educational and athletic goals at the school, which he loves.  But for these same many years he has noticed a yawning disparity in the type and quality of facilities Midland College provides to its baseball team, which is entirely male, compared to what it provides its softball team, which is entirely female.  This disparity is obvious to anyone with knowledge of Midland College athletic programs. Ramos has complained about these disparities on numerous occasions, in the context of Title IX specifically, to Midland College

1

officials. The school has never made meaningful attempts to redress the inequitable situation. This lawsuit is his only option to seek justice for his program.

## II. JURISDICTION AND VENUE

3. This action arises under the Constitution and the civil rights laws of the United States, therefore jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343(a)(4).

4. Ramos's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, and Ramos's claim pertaining to sex discrimination is authorized by 20 U.S.C. § 1681 *et. seq. Cannon v. University of Chicago*, 441 U.S. 677 (1979).

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b), because all of the events or omissions giving rise to Ramos's claims occurred in this judicial district.

## III. PARTIES

*Plaintiffs*

6. Ramos is a resident of Ector County, Texas.

*Defendant*

7. Midland College is a public educational institution, an independent "junior college" primarily, located in Midland, Texas. It can be served with process through its President, Steve Thomas.

## IV. STATEMENT OF FACTS

8. Ramos incorporates all the preceding paragraphs, including the allegations in the Introduction, as if they were fully set forth.

9. Midland College receives federal financial assistance and is therefore prohibited from discriminating on the basis of sex by Title IX.

10. Midland College has a history and continuing practice of maintaining significant disparities in the provision of softball facilities, publicity and amenities when compared to the standard of quality provided for Midland College's baseball facilities, publicity, and amenities.

11. Utilizing the guidelines set forth in 34 C.F.R. § 106.41, the following significant disparities in accommodations are present at Midland College:

A) The women's softball field lacks lighting. Christensen Stadium, where the men play, has lights. Without field lighting, the women can neither play night games nor practice at night, which causes softball players to miss far more academic classes than baseball players do. Softball players cannot ever practice in the evening as baseball players do:



B) The baseball locker room at Christensen Stadium is modern, capacious, and state-of-the art, while softball players must use a decrepit, rodent-infested trailer that lacks even showers. Compare:

3

CHRISTENSON STADIUM LOCKER ROOMS:





SOFTBALL "LOCKER ROOM" :



C) The softball field has a poor quality turf infield, while Christensen Stadium has a turf infield that is well-maintained by groundskeepers.

D) The softball field lacks any publicity banners, while Christensen Stadium has marquee signage that promotes the baseball team.

E) The softball team has worn outdoor batting cages, while the men have a total of four indoor batting cages to utilize.  Compare:

Baseball:



Softball:



Christensen Stadium, unlike the softball field, also has batting cages for use by visiting team.

F) Softball players must sit on benches protected by chain-link fence, while Christensen Stadium has expansive, traditional dug-outs.

G) The softball field lacks any on-field storage, while Christensen Stadium has large amounts of indoor storage.

H) The softball field has only two toilets that must be shared by as many as 40 women during a game, while the visitor and home sides of Christensen Stadium each have 8-10 urinals and 6 toilets.

I) The softball field and Christensen Stadium do not have comparable spectator seating in either quantity or quality. Compare:

CHRISTENSEN:



SOFTBALL:



J) The softball field has no AC power. Christensen Stadium does.

K) Christensen Stadium has ample warm-up space. The softball field has virtually none.

L) The softball field lacks a drainage system. Christensen Stadium has a drainage system.

M) Fans who want to watch a softball game must park a considerable distance from the field—200 yards-- and often trudge through mud when there have been recent rains. At Christensen Stadium, fans park close to the field and walk to the game on pavement.

N) Travel and per diem allowances are not substantially equivalent between softball and baseball.

O) For away games, the softball team rarely utilizes charter buses. The baseball team often does.

P) Midland College does far more to promote publicity for the baseball team than it does the softball team.

Q) Academic tutoring is afforded to baseball players to a far greater degree than softball players. Moreover, softball tutoring is scheduled in the afternoon such that it interferes with practice. Baseball players can practice in the evening because of the lights at Christensen Stadium without conflicting with afternoon tutoring sessions.

R) Ramos has but one assistant softball coach. The baseball team has several "volunteer" coaches who are recruited and coordinated by Midland College.

S) The baseball team has a weight room for its exclusive use. No such training facilities are provided to the softball team.

T) The softball field has no fencing to secure the facility. Christensen Stadium is enclosed and secure.

U) The softball field lacks dressing facilities for umpires and the visiting team, so visiting players and umpires must come to the game fully dressed or must change in the parking lot or in the restrooms. Christensen Stadium has a full locker room for the visiting team and a change room for umps.

V) Softball athletes who need training assistance during games or practices must walk ½ mile to the P.E. Building. Baseball players can be assisted at Christensen Stadium.

W) Recruitment budgets for the baseball and softball teams are not comparable.

12. Ramos is personally adversely affected by the illegal discrepancies between baseball and softball at Midland College because they tangibly impede his ability to recruit female athletes for his program.

### V. FIRST CAUSE OF ACTION—VIOLATION OF TITLE IX
### [20 U.S.C § 1681 *et seq.*]

13. Ramos incorporates all the preceding paragraphs, including the allegations in the Introduction, as if they were fully set forth.

14. In the manner in which it sponsors, funds, and administers its baseball and softball programs, Midland College discriminates on the basis of sex in violation of 20 U.S.C. § 1681 *et seq.* and regulations promulgated thereunder, and therefore has damaged Ramos and his program.

### VI. SECOND CAUSE OF ACTION—DECLARATORY JUDGEMENT
### [28 U.S.C §§ 2201 and 2202]

15. Ramos incorporates all the preceding paragraphs, including the allegations in the Introduction, as if they were fully set forth.

16. This Court should declare and adjudge that in the manner in which it sponsors, funds, and administers its baseball and softball programs, Midland College discriminates on the basis of

sex in violation of 20 U.S.C. § 1681 *et seq*. and regulations promulgated thereunder. Further, Midland College should be ordered to cease such sex discrimination.

## VII. PRAYER FOR RELIEF

Plaintiff prays that this Court grant relief as follows:

1. For a judgment granting general compensatory damages to the softball program in an amount to be determined at trial because the Title IX violations set forth herein were intentional. Ramos, however, seeks no monetary compensation for himself;

2. For a judgment declaring that the discrepancies between the baseball and softball programs at Midland College violate Title IX;

3. For an injunction requiring Midland College to immediately address and substantially equalize these discrepancies;

4. For an award for costs and attorneys' fees incurred in pursuing this action, as provided in 42 U.S.C. §1988, and as provided by other applicable provisions of federal law; and

5. For such other relief as the Court may deem right and equitable.

## VIII. JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues so triable.

                                                 Respectfully submitted,

                                                 */s/ John Klassen*

                                               JOHN S. KLASSEN
                                             Klassen Law Firm PLLC
                                             Texas Bar No. 11553500
                                             4000 N. Big Spring St., Suite 350
                                             Midland, Texas 79705
                                             (432) 684-1111
                                             john@klassenlawfirm.com

                                             DATE: APRIL 26, 2017


                                             ATTORNEY FOR COACH TOMMY RAMOS