UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| KIANI TELLES, § | |
| ELIZABETH CHASTAIN, and § | |
| CRYSTINE KISTNER, § | |
| *Plaintiffs,* § | |
| § | CIVIL ACTION NO. 7:17-CV-00083 |
| V. § | |
| § | |
| MIDLAND COLLEGE § | |
| *Defendant.* § | |

### ORDER GRANTING AMENDED JOINT MOTION FOR
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On the 30th day of August, 2018, a hearing was held before this Court to determine: whether the terms and conditions of the Settlement Agreement, made as of January 30, 2018 (the "Settlement Agreement") are fair, reasonable, and adequate for the settlement of all claims asserted by the preliminarily certified settlement class ("Settlement Class") against Midland College in the Amended Complaint (the "Complaint) now pending in this Court, and should be approved; whether the Settlement Class should be finally approved; and whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Midland College and as against all persons who are members of the Settlement Class.

The Court, having considered all matters submitted to it at the hearing and in the Amended Joint Motion for Final Approval of Class Action Settlement filed by Plaintiffs Kiani Telles, Elizabeth Chastain, and Crystine Kistner and Defendant Midland College, finds that the Parties' Motion should be **GRANTED** and further finds as follows:

### I.    BACKGROUND

On April 26, 2017, Coach Tony Ramos, the women's softball coach for Midland College, filed his Original Complaint, thereby initiating this action. [Doc. 1]. On June 1, 2017, Coach

Ramos filed an Amended Complaint adding several members of Midland College's softball team, Kiani Telles, Elizabeth Chastain, and Crystine Kistner (Plaintiffs), as named plaintiffs. [Doc. 6]. Plaintiffs seek injunctive relief and compensatory damages for Midland College's alleged discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. [Doc. 1].

Specifically, Plaintiffs allege Defendant discriminated between the softball and baseball teams on the basis of sex and point to a number of disparities between the two teams in regard to game day facilities, practice facilities, locker rooms, travel amenities, budgeting, and support staff. [Doc. 30 at 1-2].

On January 15, 2018, the Parties engaged in mediation and, on January 30, 2018, executed the Settlement Agreement. *Id.* In the Settlement Agreement, the Parties reached settlement terms and agreed to jointly seek certification of a settlement class. *Id.* The proposed settlement class includes: (1) all current members of the Midland College softball team; (2) all future members of the Midland College softball team; and (3) former members of the Midland College softball team who would still be able to bring suit under the statute of limitations, i.e., those who played during the previous two years (Settlement Class). *Id.* at 8. Accordingly, the Parties filed a Motion asking the Court to preliminarily approve the terms of the Settlement Agreement and certify the Settlement Class. *Id.* at 2. Finally, the Parties requested the Court approve the proposed form and manner of notice to the Settlement Class and set a final approval hearing for the Settlement Agreement. *Id.* at 3.

On April 30, 2018, the Court preliminarily certified the Parties' proposed Settlement Class and preliminarily approved the Parties' proposed Settlement Agreement and approved the

Parties' proposed manner of notice in regard to distribution of Class Notice to the Settlement Agreement. [Doc. 23].

On June 29, 2018, the Court approved the Parties' Amended Proposed Class Notice and set the final fairness hearing. [Doc. 25]. On July 18, 2018, a copy of the Notice was emailed to thirty class members. [Doc. 30 at 2]. On July 19, 2018, a copy of the Notice was sent by first class mail via the United States Postal Service to the same class members. (*Id.*). One email was returned as "undeliverable"; none of the Notices were returned by mail. (*Id.*).

## II.   DISCUSSION

The claims, issues, or defenses of a certified class may be settled only with the court's approval. Fed. R. Civ. P. 23. Approval of a settlement in a class action necessarily requires the Court to determine if the proposed class is a proper class for settlement purposes. *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426-27 (E.D. Tex. 2002). The Court makes a preliminary fairness evaluation of the proposed terms of settlement submitted by counsel. *Id.* If the Court determines the settlement is fair, the Court directs that notice pursuant to Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. *Id.* As discussed above, these preliminary steps have occurred, and the Settlement Agreement and Settlement Class are ripe for final approval. The Court has jurisdiction over the subject matter of the Complaint, the representative Plaintiffs, all members of the preliminarily-certified Settlement Class, and Defendant Midland College.

**A.   The class action should be certified.**

The prerequisites for a class action under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied, in that; (a) the number of all members of the Settlement Class is so numerous that

joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs and Class Representatives are typical of the claims of the members of the Settlement Class they seek to represent; (d) the Lead Plaintiffs and Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### 1.   Rule 23(a) Factors

With regard to the numerosity requirement, the Parties estimate that the Settlement Class encompasses 20 former players, 20 current players, and an additional ten players each subsequent year in perpetuity. [Doc. 30 at 8]. The Court finds that a joinder of all former, current, and future Midland College softball team members is impracticable and the numerosity requirement is satisfied. Fed. R. Civ. P. 23(a)(1).

The Parties next assert the proposed class is "the epitome of possessing predominant facts and a common question of law." [Doc. 30 at 9]. The Court agrees. Each member of the proposed class alleges a common contention of Defendant's misconduct—disparate treatment of the softball team on the basis of sex in violation of Title IX—and common injuries, such as worse facilities and less support, that the team as a whole suffered as a result. *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1053 (S.D. Tex. 2012). Thus, there are questions of law or fact common to the Parties' proposed class. Fed. R. Civ. P. 23(a)(2).

The Court also finds the representative Plaintiffs, as members of the Midland College softball team, assert a Title IX claim that is typical of, if not identical to, the proposed class composed of former, current, and future members of the team. *See* Fed. R. Civ. P. 23(a)(3). Further, the Court agrees that the representative Plaintiffs and their counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Plaintiffs possess the same interest and allege the same injury as the class members they seek to represent. *Amchem*, 521 U.S. at 625-26. Plaintiffs' counsel satisfies the dual requirements of competence and zeal as "a long-time federal practitioner" that "has and will continue to represent his clients and the class with vigor, dedication, and proficiency." [Doc. 30 at 10]; *See In re Heartland*, 851 F. Supp. 2d at 1055.

### 2. Rule 23(b) Factors

As asserted, the Title IX claims brought against Defendant arise from the allegedly disparate treatment of the Midland College Softball team as a whole, which in turn affects the individual players composing the Settlement Class. The relevant inquiry as to these claims compares Defendant's treatment of the softball team at large to the baseball team, particularly in regard to the teams' respective facilities, budget, and support. Thus, common questions of law and fact predominate over questions affecting only individual members of the Settlement Class, if any. Fed. R. Civ. P. 23(b)(3).

To determine whether a class action is the superior method of adjudication, the Court considers: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class

action. Fed. R. Civ. P. Rule 23(b). However, in the context of a settlement-only class, the fourth factor may be disregarded. *See Amchem*, 521 U.S. at 620.

There is no indication that the proposed Settlement Class' members have any interest in controlling the action or have begun other litigation concerning the instant controversy. Fed. R. Civ. P. 23(b)(3)(A) and (B). The Court also agrees with the Parties that concentrating the settlement of the claims "serves the primary goals of Rule 23, namely 'economies of time, effort, and expense' without sacrificing fairness" to the Settlement Class' members. [Doc. 30 at 10] (citing *Amchem*, 521 U.S. at 615). The alleged problem and proposed solution both center on Defendant's treatment of the softball program, which features a roster that changes each season with additional teammates—and Settlement Class members—joining each year.

It is in the interest of the Court, the Settlement Class, and the Defendant to resolve these issues in one fell swoop.

Accordingly, the Court finds the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) sufficiently satisfied to warrant a final certification of the Settlement Class.

**B.      Notice To The Settlement Class Was Sufficient.**

Notice of the pendency of this action as a class action and of the proposed Settlement Agreement was given to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms of the Settlement Agreement met the requirements of Fed. R. Civ. P. 23, previously approved by the Court, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. No members of the preliminarily-certified class requested exclusion from the Settlement Class or filed any objections to the Settlement Agreement.

C.  **The Settlement Agreement Should Be Approved.**

The court must consider at the final stage the following six factors (the "*Reed* factors") before approving a settlement:

(1) the assurance that there is no fraud or collusion behind the settlement;
(2) the stage of proceedings and the amount of discovery completed;
(3) the probability of success on the merits;
(4) the range of possible recovery;
(5) the complexity, expense and likely duration of the litigation; and
(6) the opinions of class counsel, class representatives and absent class members.

*Reed*, 703 F.2d at 172; *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

The Parties assert they have engaged in informal discovery for months, giving each side a sufficient understanding of the facts and relative strength of the legal claims. [Doc. 30 at 5]. Settlement negotiations were conducted at arm's length with the guidance of a mediator specializing in Title IX claims. *Id.* Ultimately, the Parties' counsel reached a settlement they believe to be fair, reasonable, and adequate after they had a full understanding of the legal and factual issues surrounding the case. *Id.* at 7.

The Settlement Agreement provides for injunctive, rather than compensatory relief, requiring "phased-in" improvements to the Midland College softball program. *Id.* at 6. Although only the future members of the Midland College softball team will be able to reap the benefits of final improvements, it is not to an undue degree that would render the Settlement Agreement unfair, especially given that the representative Plaintiffs were able to reap the benefits of the interim improvements implemented in the spring of 2018.

Further, while Defendant is required to pay any and all costs for the mediator, the Parties agree to be responsible for their own attorney fees, expenses, and costs. *Id.* at 16. The relief requested appears to fall within the range of possible approval. The parties have demonstrated

the complexity, expense and likely duration of the litigation if a settlement is not approved, which favors settlement.

Consequently, the Settlement meets all the *Reed* factors.

Therefore, it is **ORDERED** that, pursuant to Fed. R. Civ. P. 23, this Court hereby certifies this action as a class action for purposes of settlement on behalf of (1) all current members of the Midland College softball team; (2) all future members of the Midland College softball team; and (3) former members of the Midland College softball team who would be able to a bring suit under the statute of limitations.

It is **FURTHER ORDERED** that the Settlement is approved as fair, reasonable and adequate.

It is **FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

SIGNED this 7th day of September, 2018.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE